## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER, ST. JOSEPH MEDICAL CENTER, ST. MARY MEDICAL CENTER, and SAINT JAMES-JOHN W. ALBRECHT MEDICAL CENTER, <br>   Plaintiff, <br><br> vs. <br><br> BOARD OF TRUSTEES OF THE SEIU HEALTHCARE ILLINOIS HOME CARE & CHILD CARE FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN and FUND ADMINISTRATOR OF THE SEIU HEALTHCARE ILLINOIS HOME CARE & CHILD CARE FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN, <br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. |

## COMPLAINT

## GENERAL ALLEGATIONS

NOW COMES Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER, ST. JOSEPH MEDICAL CENTER, ST. MARY MEDICAL CENTER, and SAINT JAMES-JOHN W. ALBRECHT MEDICAL CENTER (hereinafter referred to jointly as "OSF" or "Plaintiff") by its attorneys, KOTH, GREGORY & NIEMINSKI, P.C., and for its Complaint against Defendants, Plan Administrator, BOARD OF TRUSTEES OF THE SEIU HEALTHCARE ILLINOIS HOME CARE & CHILD CARE FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN and co-Plan Administrator/Third Party Administrator, FUND ADMINISTRATOR OF THE SEIU HEALTHCARE ILLINOIS HOME CARE & CHILD CARE FUND FOR THE SEIU

1

HEALTHCARE IL HOME CARE HEALTH PLAN (hereinafter referred to jointly as "Plan Administrators" or "Defendants"),  states as follows:

1.     That this action is brought pursuant to 29 U.S.C. § 1132(c)(1)(B).

2.     That Plaintiff may recover attorney fees pursuant to 29 U.S.C. §1132(g).

3.     That this court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

4.     That Plaintiff is a healthcare provider authorized and licensed to provide medical services within the State of Illinois. That the facilities included in this Complaint are OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a Saint Francis Medical Center, St. Joseph Medical Center, St. Mary Medical Center, and Saint James-John Albrecht Medical Center. That Saint Francis Medical Center is located in the City of Peoria, Peoria County, Illinois, St. Joseph Medical Center is located in the City of Bloomington, McLean County, Illinois, St. Mary Medical Center is located in the City of Galesburg, Knox County, Illinois, and Saint James-John Albrecht Medical Center is located in the City of Pontiac, Livingston County, Illinois.

5.     That the proper venue is the Central District of Illinois pursuant to 28 U.S.C.A. § 1391(b)(2) because a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

6.     That based on information and belief, at the time that services were rendered to each of the patients listed in Exhibit A, they were members of and/or had health insurance coverage through the SEIU HEALTHCARE IL HOME CARE HEALTH PLAN (hereafter referred to as the "Plan"), an employee medical plan.  *Plaintiff does not have a copy of the health plan to attach.*

2

7.      That based on information and belief the Plan falls within the definition of "employee benefit plan" set forth in 29 U.S.C. §1002.

8.      That based on information and belief, the Plan provides medical coverage for said medical goods and services provided by Plaintiff to the patients listed in Exhibit A on the dates stated therein.

9.      That Plaintiff has received direct benefits under the Plan by having received direct payments.  The direct benefits to Plaintiff establish Plaintiff's standing to sue as a beneficiary and as a beneficiary Plaintiff has standing to appeal and file a claim.   That the term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.  29 U.S.C. § 1002(8).  The term "person" means an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization.  29 U.S.C. § 1002(9).

10.     That this Honorable Court has explained that "it stands by its decision in *OSF Healthcare System* v. *Boyd Benefits*, CDIL Case No. 12-1413 (ECF No. 33 at 7-8) in that pursuant to *Kennedy* "the possibility of direct payment is enough for a federal court's jurisdiction," thus an *actual* payment definitely suffices to enable a federal court to exercise jurisdiction." *OSF Healthcare System* v. *Nestle USA, Inc*., CDIL Case No. 15-01316 (ECF No. 17 at 8).

11.     That Plaintiff is not only a party who is or may become entitled to a benefit under the Plan, but has actually received direct benefits under the Plan for these claims by having received direct payments from the Plan for at least one account of every patient listed in Exhibit A. *Please see the Explanations of Benefits attached hereto as Group Exhibit B*. That payment of

a direct benefit under the Plan for at least one of the patient's accounts is a designation that Plaintiff is one who is or may become entitled to a benefit from the Plan for all of the patients' accounts listed in Exhibit A. Thus, Plaintiff is a proper beneficiary/claimant of any benefits payable under the Plan for all of the accounts listed in Exhibit A and is legally entitled to seek payment directly from the Plan having received direct benefits via direct payments from the Plan. *See 29 U.S.C.A. § 1002(8); 29 U.S.C.A. § 1132.*

12.     That due to the Plan having made direct payments to Plaintiff, Defendants made a determination that Plaintiff was entitled and designated to receive benefits under the Plan. Further, due to the Plan having made partial payments to Plaintiff, Defendants have acknowledged and created an assignment. *OSF Healthcare System* v. *Boyd Benefits*, CDIL Case No. 12-1413 (ECF No. 33 at 8).Thus, Plaintiff is also an assignee and Plaintiff also has standing to bring this claim as an assignee. *Id.*

13.     That Defendants pre-authorized many of the accounts listed in Exhibit A.

14.     That Defendants' pre-authorizations for payment of such accounts are representations of the terms of the Plan. That by pre-authorizing these accounts, Defendants designated Plaintiff as one who is or may become entitled to a benefit under the Plan.

15.     That patients T.S., R.H., R.O., S.S., C.H., and G.R. also "assign[ed] to OSF all claims and rights to payment under any insurance policy or health plan of which Patient is a beneficiary." *Please see the Assignment of Benefits paragraph of the OSF Healthcare System Authorization/Release/Agreement to Pay for the patients' accounts attached hereto as Group Exhibit C.*

16.      That Plaintiff is a properly assigned beneficiary/claimant of any benefits payable under the Plan and is legally entitled to seek payment directly from the Plan. *See 29 U.S.C.A. § 1002(8); 29 U.S.C.A. § 1132.*

17.      That based on information and belief, Defendant, BOARD OF TRUSTEES OF THE SEIU HEALTHCARE ILLINOIS HOME CARE & CHILD CARE FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN, is the plan administrator, and Defendant, FUND ADMINISTRATOR OF THE SEIU HEALTHCARE ILLINOIS HOME CARE & CHILD CARE FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN, is the co-Plan Administrator/Third Party Administrator, for purposes of administering the Plan regarding medical claims. That Plaintiff's belief is based on the following language on page 40 of the SEIU Healthcare IL Home Care Health Plan – Summary Plan Description For Members Choosing the PPO Option:

> "Your Plan is sponsored and administered by a joint labor-management Board of Trustees. The Board is divided equally between Trustees selected by the Union and by Trustees appointed by Employers who contribute to the Fund. The names and addresses of the members of the Board of Trustees and of the Fund Office are shown on page_____... The Trustees are assisted in the administration of the Plan by an Administrator (Third-Party Administrator) who is responsible for routine administrative duties and processing claims and benefit payments. The name and address of the Fund Administrator is on page_____."

*Please see the SEIU Healthcare IL Home Care Health Plan – Summary Plan Description For Members Choosing the PPO Option attached hereto as Exhibit D.*

18.      That Plaintiff received the SEIU Healthcare IL Home Care Health Plan – Summary Plan Description For Members Choosing the PPO Option, effective May 2011 (hereafter referred to as "2011 PPO Option Plan") for a patient not included in Exhibit A. *Please see the email correspondence attached hereto as Group Exhibit E.*

19.     That Plaintiff emailed Defendants on January 4, 2016 requesting confirmation as to whether or not the 2011 PPO Option Plan applied to the patients listed in Exhibit A. *See the email correspondence attached hereto as Group Exhibit E.*

20.     That Defendants emailed Plaintiff on January 4, 2016 stating that the 2011 PPO Option Plan does not apply to any of the patients listed in Exhibit A. *See the email correspondence attached hereto as Group Exhibit E.*

21.     That while Plaintiff asserts and Defendants have admitted that the 2011 PPO Option Plan does not govern the accounts listed in Exhibit A, the provisions of this Plan provide the only guidance with respect to who should be named as the plan administrator(s) in this complaint.

22.     That Plaintiff emailed Defendants on January 5, 2016 requesting a copy of the Plan that governs each of the patient's accounts listed in Exhibit A. That Defendants did not substantively respond to this request. *See the email correspondence attached hereto as group Exhibit E.* That Defendants did not substantively respond to the numerous other requests by Plaintiff for a copy of the Plan that governs each of the patient's accounts listed in Exhibit A. *Please see the Appeal Letters attached hereto as Group Exhibit F.*

23.     That a claim was made against the Plan for each account listed in Exhibit A for payment of the medical goods and services provided by Plaintiff to the patients listed in Exhibit A on the dates stated therein.

24.     That the Defendants/Plan Administrators, on behalf of the Plan, have denied/refused to pay full plan benefits on the balance remaining on each of the accounts listed in Exhibit A.

25.     That Defendants' Explanations of Benefits fail to meet the requirements of a valid and enforceable denial pursuant to 29 C.F.R. §2560.503-1(g)(1)(i)-(iv).

26.     That Defendants, through their attorney, admit that Defendants' Explanations of Benefits to Plaintiff intentionally do not meet the notice requirements of 29 C.F.R. §2560.503-1(g)(1), specifically stating "the Fund owes no obligations to OSF under 29 C.F.R. §2560.503-1(g)(1)". *Please see the letter from Attorney Elizabeth Rowe dated April 11, 2016 and attached hereto as Exhibit G.*

27.     That Plaintiff appealed the purported denials and/or refusals by Defendants to pay the balance on each of the patient's accounts listed in Exhibit A numerous times from March 17, 2015 through August 10, 2016. *See the Appeal Letters attached hereto as Group Exhibit F.*

28.     That Plaintiff's appeals included requests for a copy of the Plan and other documents related to the processing of the claims and benefit determinations for the accounts listed in Exhibit A. *See the Appeal Letters attached hereto as Group Exhibit F.*

29.     That despite Plaintiff's numerous requests, Defendants did not provide a copy of the Plan or other documents related to the processing of the claims and benefit determinations for the accounts listed in Exhibit A.

30.     That from October 9, 2015 through March 23, 2016, Plaintiff and Defendants discussed the possibility of a settlement to resolve many of the accounts listed in Exhibit A.

31.     That Plaintiff received an email dated March 24, 2016 from attorney, Elizabeth Rowe, stating that she represents Defendants and this matter was referred to her. *Please see the email from Elizabeth Rowe attached hereto as Exhibit H.*

32.     That Plaintiff received a letter dated April 11, 2016 from Attorney Rowe, on behalf of Defendants, disputing Plaintiff's beneficiary status and advising Plaintiff that the

Defendants will not pay any additional amounts on any of Plaintiff's claims and will not provide the Plan or any of the documents requested in Plaintiff's appeal letters. *See the letter from Attorney Elizabeth Rowe attached hereto as Exhibit G.*

33.     That the letter dated April 11, 2016 from Attorney Rowe, on behalf of Defendants, also states "OSF has no right to make any appeal…". *See Exhibit G.*

34.     That pursuant to 29 C.F.R. § 2560.503-1(h)(1) "Every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination." *See 29 C.F.R. § 2560.503-1(h)(1).* That a beneficiary is a claimant. *See 29 C.F.R. § 2560.503-1(a).*

35.     That Plaintiff sent appeal letters to Attorney Rowe on May 19, 2016 informing her of the governing case law regarding Plaintiff's beneficiary status. *See Group Exhibit F.*

36.     That Plaintiff received a letter dated June 16, 2016 from Attorney Rowe continuing to dispute Plaintiff's beneficiary status and reiterating to Plaintiff that Defendants will not pay any additional amounts on any of Plaintiff's claims and will not provide the Plan or any of the documents requested in Plaintiff's appeal letters. *Please see the letter from Attorney Elizabeth Rowe attached hereto as Exhibit I.*

37.     That Plaintiff sent an appeal letter to Attorney Rowe on June 23, 2016 further clarifying Plaintiff's position regarding Plaintiff's beneficiary status. *See Group Exhibit F.*

38.     That despite being made aware of the law regarding this issue, Attorney Rowe, on behalf of Defendants, refused to acknowledge Plaintiff's rights as a beneficiary under the Plan and to date Plaintiff has yet to receive a substantive response to its claims for additional benefits,

a copy of the Plan, or the documents related to the processing of the claims and benefit

determinations as requested in Plaintiff's appeal letters. S*ee Group Exhibit F.*

39.     That Plaintiff has made every reasonable good faith attempt to acquire the plan

and the documentation related to the processing of the claims and benefit determinations from

Defendants, but Defendants refuse to comply with the law requiring Defendants to recognize

Plaintiff as a beneficiary.

40.     That due to the Plan's participants continuing to seek medical services and

materials from Plaintiff, Plaintiff continues to accrue claims and Plaintiff has attempted to obtain

claim status updates from Defendants on a number of these claims since June 23, 2016, including

but not limited to the claims listed in Exhibit A. That the only correspondence Plaintiff has

received from Defendants or Defendants' attorney since June 23, 2016 is a letter dated July 6,

2016 from Defendants, which states "As you know, OSF Health is an out-of-network provider.

Such providers are not entitled to our premium provider relations service. In addition, OSF

attorneys Koth & Gregory have threatened litigation against our Fund, leaving us unable to

communicate with OSF except through our attorneys. We will not respond to phone calls, phone

messages, faxes or letters for the foreseeable future." *Please see the letter from Defendants dated*

*July 6, 2016 attached hereto as Exhibit J. Also see the affidavit of Cathy Beebe attached hereto*

*as Exhibit K.* As of the date and time of this letter, no litigation existed among the parties, and

Plaintiff and Plaintiff's attorneys were actively seeking an amicable resolution of the subject

accounts. Potential litigation, in the event an amicable resolution failed to occur between the

parties, is not a legal basis or justification for deviating from the required claims processes of

section 29 CFR § 2560.503-1. That Plaintiff has not received any correspondence from

Defendants' attorneys since receipt of the letter dated July 6, 2016.

41.     That a plan's review procedure must allow claimants to submit issues and comments in writing. *See 29 C.F.R. § 2560.503-1(h)(2).* That this is essential in an industry where claims will inevitably continue to accrue.

42.     That Defendants have also informed Plaintiff that Defendants will no longer provide pre-certification or pre-authorization for patients seeking non-emergency services at out-of-network non-participating OSF hospitals and facilities. *Please see the affidavit of Cathy Beebe attached hereto as Exhibit K.*

43.     That Defendants have a duty to establish, maintain, and follow reasonable procedures regarding the notification of benefit determinations and the appeal of adverse benefit determinations. *See 29 C.F.R. § 2560.503-1.*

44.     That Defendants have a duty to comply with requests from Plaintiff for the Plan and documentation related to the processing of the claims and benefit determinations. *See 29 U.S.C.A. § 1002(8); 29 U.S.C.A. § 1132; 29 U.S. Code § 1021; 29 U.S.C.A § 1024.*

45.     That Defendants are also required to discharge their duties solely in the interest of the participants and beneficiaries and for the purpose of defraying administrative costs. *See 29 U.S.C. § 1104(a)(1)(A).*

46.     That Defendants have denied Plaintiff meaningful access to a 'full and fair' administrative review for each of the following reasons: (1) Defendants failed to provide the Plaintiff with the specific reason(s) for the adverse determinations, (2) Defendants failed to reference the specific plan provision(s) on which the adverse determinations were based, (3) Defendants failed to provide a description of the plan's review procedures and the time limits applicable to such procedures, (4) Defendants failed to provide a copy of the requested plan and documentation related to the processing of the claims and benefit determinations, and (5)

Defendants refuse to substantively respond to Plaintiff's appeals or communicate with Plaintiff in any manner.  See *Wilczynski* v. *Lumbermens Mut. Cas. Co.*, 93 F.3d 397 (7th Cir. 1996).

47.     That pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

48.     That Plaintiff may recover statutory damages up to $110 per day pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1 for Defendants' failure as plan administrator to provide a copy of the plan and the documentation related to the processing of the claims and benefit determinations as requested in Plaintiff's appeal letters attached hereto as Group Exhibit F.

49.     That pursuant to 29 U.S.C. § 1132(c)(1)(B), each violation with respect to any single participant or beneficiary shall be treated as a separate violation.

50.     That Defendants, individually as the plan administrators, have the responsibility to produce the plan documents and all documentation related to the processing of the claims and benefit determinations to Plaintiff and Defendants, individually as the plan administrators, are personally financially liable to Plaintiff for the failure or refusal to do so.  29 U.S.C. § 1132 (c)(1)(B); 29 C.F.R. 2575.502c-1.

## COUNT I

### Accounts for T.S.

1-50    Plaintiff re-alleges Paragraphs 1 through 50 of the General Allegations as Paragraphs 1 through 50 of Count I as though fully set forth herein.

51.    That the sum of the medical services provided by the Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a St. Joseph Medical Center and Saint James-John W. Albrecht Medical Center, to T.S. on the dates listed in Exhibit A totaled $423,938.73. *Please see the Affidavit of Damages attached hereto as Exhibit L.*

52.    That payments, credits, and/or adjustments have been applied to these accounts in the amount of $77,746.93.48. *See Exhibit L.*

53.    That the outstanding balance totals $346,191.80. *See Exhibit L.*

54.    That Plaintiff appealed the purported denials and/or refusals to pay the balance or full plan benefits by Defendants on March 26, 2015, June 8, 2015, August 6, 2015, October 5, 2015, March 4, 2016, May 19, 2016, June 23, 2016, and August 10, 2016. *See Appeal Letters attached hereto as Group Exhibit F.*

55.    That Plaintiff's first written request for a copy of the governing plan documents and all documentation related to the processing of the claims and benefit determinations was on June 8, 2015 (*See Group Exhibit F),* specifically requesting:

(1) Summary Plan Description and all Plan Documents, (2) the name(s) and contact information of the person(s) with authority to resolve this matter, (3) all correspondence written and oral (if oral, all notes, logs, & data entry) in regards to this claim, (4) all data reflecting oral communication between the patient, participant, beneficiary, hospital or other interested party with the plan administrator, third-party claims administrator, or agent for the plan administrator and/or third-party claims administrator in regards to this claim, (5) all reports/documents/data/evidence used to support the purported adverse benefit determination of this claim, including but not limited to the data indicating the accuracy of the amount claimed as the Medicare Allowance + 75% and the Line Item Bill Review (LIBR) Allowable, (6) all equation(s)/formula(s)/methodologies used to support

the purported adverse benefit determination, (7) the names and credentials/qualifications of all experts or individuals processing, handling or reviewing this claim and/or implementing the equation(s)/formula(s)/methodologies to the above referenced account, and (8) the authority allowing such a methodology, formula, or calculation to be used in making a benefit determination, including but not limited to a reference to the specific plan provisions that state the Medicare Allowance + 75% and the Line Item Bill Review (LIBR) Allowable are to be used when calculating the reasonable and customary amount of services. This request is made within the umbrellas of 29 USC § 1132(c) and/or the appropriate statute governing this plan.  That pursuant to 29 U.S.C. § 1132(c)(1)(B), any administrator "who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

56.    That Plaintiff's appeal letters dated August 6, 2015 and October 5, 2015 contained the same/similar request for documents as its June 8, 2015 appeal. *See Group Exhibit F.*

57.    That counsel for Plaintiff contacted Defendants via telephone on September 15, 2015 and spoke to Howard K., and during that conversation counsel for Plaintiff orally requested a copy of the governing plan documents, but that request was denied. Counsel for Plaintiff contacted Defendants via telephone again on September 18, 2015 and spoke to Gloria A., and during that conversation counsel for Plaintiff orally requested a copy of the governing plan documents, but that request was denied.

58.    That Plaintiff's appeal letter dated March 4, 2016 requested a copy of the following:

(1) Summary Plan Description (SPD) and all Plan Documents governing each of these accounts, specifically the 2013, 2014, and 2015 SPD and Plan Documents, (2) the name(s) and contact information of the person(s) with authority to resolve this matter, (3) all correspondence written and oral (if oral, all notes, logs, & data entry) in regards to this claim, (4) all data reflecting oral communication between the patient, participant, beneficiary, hospital or other interested party with the plan administrator, third-party claims administrator, or agent for the plan administrator and/or third-party claims administrator in regards to this claim, (5) all reports/documents/data/evidence used to

support the purported adverse benefit determination of this claim, (6) all equation(s)/formula(s)/methodologies used to support the purported adverse benefit determination, (7) the names and credentials/qualifications of all experts or individuals processing, handling or reviewing this claim and/or implementing the equation(s)/formula(s)/methodologies to the above referenced account, and (8) the authority allowing such a methodology, formula, or calculation to be used in making a benefit determination. This request is made within the umbrellas of 29 USC § 1132(c) and/or the appropriate statute governing this plan.  That pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

*See Group Exhibit F.*

59.    That Plaintiff's appeal letter dated May 19, 2016 requested a copy of the

following:

(1) Summary Plan Description and all Plan Documents, all information/documentation requested in previous appeals, as well as each of the following, which are deemed to be a part of the administrative record:

See ERISA, 29 CFR 2560.503-1.  Pursuant to 29 CFR 2560.503-1(m)(8):
"A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
- **(i)** Was relied upon in making the benefit determination;
- **(ii)** Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
- **(iii)** Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
- **(iv)** In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination."

ERISA Sections 104(b)(2) and 104(b)(4) require the disclosure of:

14

Any document or instrument that specifies procedures, formulas, methodologies, or schedules to be applied in determining or calculating a participant's or beneficiary's benefit entitlement under an employee benefit plan [, which document or instrument therefore] would constitute an instrument under which the plan is established or operated, regardless of whether such information is contained in a document designated as the "plan document." Accordingly, studies, schedules or similar documents that contain information and data, such as information and data relating to standard charges for specific medical or surgical procedures, that, in turn, serve as the basis for determining or calculating a participant's or beneficiary's benefit entitlements under an employee benefit plan would constitute "instruments under which the plan is…operated."

DOL Adv. Op. 96-14A; see also DOL Adv. Op. 97-11A.

We are specifically asking that documents provided include, but not be limited to, the following:

- Equations/formulas/methodologies that Plan Administrator/Claims Administrator used to make its benefit determinations
- Processes and protocols used for the benefit determinations
- Correspondence (written and oral (if oral—logs)) between plan administrator and Corvel/Ceris
- Correspondence (written and oral (if oral—logs)) between plan administrator and SEIU
- Correspondence (written and oral (if oral—logs)) between SEIU and Corvel/Ceris
- Correspondence (written and oral (if oral—logs)) between plan administrator, SEIU, or Corvel/Ceris and plan participant/member
- Intercompany correspondence….and any other correspondence relating in any way to the benefit determination
- Telephone call tracking notes
- Names and credentials/qualifications of all experts or individuals processing, handling or reviewing the accounts
- All reports generated for the accounts
- Explanation of Benefits provided to Hospital and Patient
- Itemized Statements
- All documents, information, data etc. used or relied upon in making the benefit determination

If there is no note, electronic entry, document or record on any one of these items, we ask that you indicate that a thorough search has been conducted and no such document or record exists.

*See Group Exhibit F.*

15

60.    That Plaintiff's appeal letter dated August 10, 2016 requested a copy of the following:

> SEIU Healthcare IL Home Health Plan Summary Plan Description and all Plan Documents, which govern the dates of service for these claims (including the SEIU Healthcare IL Home Health Plan for 2013, 2014, 2015, and 2016). OSF also continues to request all information/documentation requested in previous appeals, as well as each of the following, which are deemed to be a part of the administrative record (The request for documents deemed to be a part of the administrative record is identical to the appeal dated May 19, 2016).

*See Group Exhibit F.*

61.    That thirty (30) days from June 8, 2015, the date of Plaintiff's initial request for a copy of the plan and documentation related to the processing of the claims and benefit determinations, is July 8, 2015. That Plaintiff may recover statutory damages up to $110 a day from July 8, 2015 pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1 for Defendants' failure as plan administrator to provide a copy of the plan and documentation related to the processing of the claims and benefit determinations as requested in Plaintiff's appeal letters.

WHEREFORE, Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a ST. JOSEPH MEDICAL CENTER and SAINT JAMES-JOHN W. ALBRECHT MEDICAL CENTER prays for judgment against Defendants, in which Defendants must provide to Plaintiff a copy of all plan documents and all documentation related to the processing of the claims and benefit determinations, statutory damages as assessed by the Court pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, plus court costs and attorney fees, and such other relief as this Honorable Court deems proper.

## COUNT II

## Account for R.H.

1-50.  Plaintiff re-alleges Paragraphs 1 through 50 of the General Allegations as Paragraphs 1 through 50 of Count II as though fully set forth herein.

51.    That on or around November-xx-20xx (Account Number xxxxxxxx), Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a Saint Francis Medical Center, provided medical services and materials to R.H.

52.    That the sum of the medical services provided by the Plaintiff to R.H. on the dates listed in paragraph 51 totaled $61,044.70. *Please see the Affidavit of Damages attached hereto as Exhibit M.*

53.    That payments, credits, and/or adjustments have been applied to this account in the amount of $27,265.96. *See Exhibit M.*

54.    That the outstanding balance totals $33,778.74. *See Exhibit M.*

55.    That Plaintiff appealed the purported denials and/or refusals to pay the balance or full plan benefits by Defendants on March 17, 2015, May 29, 2015, August 26, 2015, August 31, 2015, October 2, 2015, May 19, 2016, and June 23, 2016. *See Appeal Letters attached hereto as Group Exhibit F.*

56.    That Plaintiff's first written request for a copy of the governing plan documents and all documentation related to the processing of this claim and benefit determination was on May 29, 2015 (*See Group Exhibit F),* specifically requesting:

(1) Summary Plan Description and all Plan Documents, (2) the name(s) and contact information of the person(s) with authority to resolve this matter, (3) all correspondence written and oral (if oral, all notes, logs, & data entry) in regards to this claim, (4) all data reflecting oral communication between the patient, participant, beneficiary, hospital or other interested party with the plan administrator, third-party claims administrator, or agent for the plan administrator and/or third-party claims administrator in regards to this

claim, (5) all reports/documents/data/evidence used to support the purported adverse benefit determination of this claim and a clear statement of your reason for denying payment of the remaining balance, (6) all equation(s)/formula(s)/methodologies used to support the purported adverse benefit determination, (7) the names and credentials/qualifications of all experts or individuals processing, handling or reviewing this claim and/or implementing the equation(s)/formula(s)/methodologies to the above referenced account, and (8) the authority allowing such a methodology, formula, or calculation to be used in making a benefit determination. This request is made within the umbrellas of 29 USC § 1132(c) and/or the appropriate statute governing this plan.  That pursuant to 29 U.S.C. § 1132(c)(1)(B), any administrator "who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

57.     That Plaintiff's appeal letter dated August 26, 2015 contained the same/similar request for documents as its May 29, 2015 appeal, but also included the following language:

The previous appeal, dated May 29, 2015, included this same request for documents and notice of the potential additional liability for failing to produce the requested documents. Thirty (30) days from May 29, 2015 is June 28, 2015. Fifty-seven (57) days have passed since June 28, 2015 and we have yet to receive a copy of the requested documents. Thus, the court has discretion to hold the plan liable for an additional $5,700 for its failure to produce the requested documents in accordance with the statute.

*See Group Exhibit F.*

58.     That Plaintiff's appeal letters dated August 31, 2015 and October 2, 2015 contained the same/similar request for documents and language as its August 26, 2015 appeal.

*See Group Exhibit F.*

59.     That counsel for Plaintiff contacted Defendants via telephone on September 15, 2015 and spoke to Howard K., and during that conversation counsel for Plaintiff orally requested a copy of the governing plan documents, but that request was denied. Counsel for Plaintiff contacted Defendants via telephone again on September 18, 2015 and spoke to Gloria A., and

during that conversation counsel for Plaintiff orally requested a copy of the governing plan documents, but that request was denied.

60.    That Plaintiff's appeal letter dated May 19, 2016 requested a copy of the following:

(1) Summary Plan Description and all Plan Documents, all information/documentation requested in previous appeals, as well as each of the following, which are deemed to be a part of the administrative record:

See ERISA, 29 CFR 2560.503-1.  Pursuant to 29 CFR 2560.503-1(m)(8):
"A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
- **(i)** Was relied upon in making the benefit determination;
- **(ii)** Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
- **(iii)** Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
- **(iv)** In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination."

ERISA Sections 104(b)(2) and 104(b)(4) require the disclosure of:

Any document or instrument that specifies procedures, formulas, methodologies, or schedules to be applied in determining or calculating a participant's or beneficiary's benefit entitlement under an employee benefit plan [, which document or instrument therefore] would    constitute    an instrument under which the plan is established or operated, regardless of whether such information is contained in a document designated as the "plan document."    Accordingly, studies, schedules or similar documents that contain information and data, such as information and data relating to standard charges for specific medical or surgical procedures, that, in turn, serve as the basis for determining or calculating a participant's or beneficiary's benefit entitlements under an employee benefit plan would constitute "instruments under which the plan is…operated."

DOL Adv. Op. 96-14A; see also DOL Adv. Op. 97-11A.

We are specifically asking that documents provided include, but not be limited to, the following:

- Equations/formulas/methodologies that Plan Administrator/Claims Administrator used to make its benefit determinations
- Processes and protocols used for the benefit determinations
- Correspondence (written and oral (if oral—logs)) between plan administrator and Corvel/Ceris
- Correspondence (written and oral (if oral—logs)) between plan administrator and SEIU
- Correspondence (written and oral (if oral—logs)) between SEIU and Corvel/Ceris
- Correspondence (written and oral (if oral—logs)) between plan administrator, SEIU, or Corvel/Ceris and plan participant/member
- Intercompany correspondence….and any other correspondence relating in any way to the benefit determination
- Telephone call tracking notes
- Names and credentials/qualifications of all experts or individuals processing, handling or reviewing the accounts
- All reports generated for the accounts
- Explanation of Benefits provided to Hospital and Patient
- Itemized Statements
- All documents, information, data etc. used or relied upon in making the benefit determination

If there is no note, electronic entry, document or record on any one of these items, we ask that you indicate that a thorough search has been conducted and no such document or record exists.

*See Group Exhibit F.*

61.    That thirty (30) days from May 29, 2015, the date of Plaintiff's initial request for a copy of the plan and documentation related to the processing of the claim and benefit determination, is June 28, 2015. That Plaintiff may recover statutory damages up to $110 a day from June 28, 2015 pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1 for Defendants' failure as plan administrator to provide a copy of the plan and documentation related to the processing of the claim and benefit determination as requested in Plaintiff's appeal letters.

WHEREFORE, Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER prays for judgment against Defendants, in which Defendants must provide to Plaintiff a copy of all plan documents and all documentation related to the processing of the claim and benefit determination, statutory damages as assessed by the Court pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, plus court costs and attorney fees, and such other relief as this Honorable Court deems proper.

## COUNT III

### Account of T.H.

1-50.  Plaintiff re-alleges Paragraphs 1 through 50 of the General Allegations as Paragraphs 1 through 50 of Count III as though fully set forth herein.

51.     That on or around  March xx, 20xx through March xx, 20xx (Account Number xxxxxxxx), Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a Saint Francis Medical Center, provided medical services and materials to T.H.

52.     That the sum of the medical services provided by the Plaintiff to T.H. on the dates listed in paragraph 51 totaled $109,668.70. *Please see the Affidavit of Damages attached hereto as Exhibit N.*

53.     That payments, credits, and/or adjustments have been applied to this account in the amount of $59,370.88. *See Exhibit N.*

54.     That the outstanding balance totals $50,297.82. *See Exhibit N.*

55.     That Plaintiff appealed the purported denials and/or refusals to pay the balance or full plan benefits by Defendants on November 5, 2014, November 12, 2014, February 27, 2015,

June 3, 2015, August 12, 2015, October 5, 2015, May 19, 2016, and June 23, 2016. *See Appeal Letters attached hereto as Group Exhibit F*.

56.     That Plaintiff's first written request for a copy of the governing plan documents and all documentation related to the processing of this claim and benefit determination was on August 12, 2015 (*See Group Exhibit F),* specifically requesting:

> (1) Summary Plan Description and all Plan Documents, (2) the name(s) and contact information of the person(s) with authority to resolve this matter, (3) all correspondence written and oral (if oral, all notes, logs, & data entry) in regards to this claim, (4) all data reflecting oral communication between the patient, participant, beneficiary, hospital or other interested party with the plan administrator, third-party claims administrator, or agent for the plan administrator and/or third-party claims administrator in regards to this claim, (5) all reports/documents/data/evidence used to support the purported adverse benefit determination of this claim, (6) all equation(s)/formula(s)/methodologies used to support the purported adverse benefit determination, (7) the names and credentials/qualifications of all experts or individuals processing, handling or reviewing this claim and/or implementing the equation(s)/formula(s)/methodologies to the above referenced account, and (8) the authority allowing such a methodology, formula, or calculation to be used in making a benefit determination. This request is made within the umbrellas of 29 USC § 1132(c) and/or the appropriate statute governing this plan.  That pursuant to 29 U.S.C. § 1132(c)(1)(B), any administrator "who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

57.     That counsel for Plaintiff contacted Defendants via telephone on September 15, 2015 and spoke to Howard K., and during that conversation counsel for Plaintiff orally requested a copy of the governing plan documents, but that request was denied. Counsel for Plaintiff contacted Defendants via telephone again on September 18, 2015 and spoke to Gloria A., and during that conversation counsel for Plaintiff orally requested a copy of the governing plan documents, but that request was denied.

58.     That Plaintiff's appeal letter dated October 5, 2015 contained the same/similar

request for documents and language as its August 12, 2015 appeal. *See Group Exhibit F.*

59.     That Plaintiff's appeal letter dated May 19, 2016 requested a copy of the

following:

(1) Summary Plan Description and all Plan Documents, all information/documentation
requested in previous appeals, as well as each of the following, which are deemed to be a
part of the administrative record:

See ERISA, 29 CFR 2560.503-1.  Pursuant to 29 CFR 2560.503-1(m)(8):
   "A document, record, or other information shall be considered "relevant" to
   a claimant's claim if such document, record, or other information

- **(i)** Was relied upon in making the benefit determination;

- **(ii)** Was submitted, considered, or generated in the course of making
  the benefit determination, without regard to whether such document,
  record, or other information was relied upon in making the benefit
  determination;

- **(iii)** Demonstrates compliance with the administrative processes and
  safeguards required pursuant to paragraph (b)(5) of this section in
  making the benefit determination; or

- **(iv)** In the case of a group health plan or a plan providing disability
  benefits, constitutes a statement of policy or guidance with respect to
  the plan concerning the denied treatment option or benefit for the
  claimant's diagnosis, without regard to whether such advice or
  statement was relied upon in making the benefit determination."

ERISA Sections 104(b)(2) and 104(b)(4) require the disclosure of:

Any document or instrument that specifies procedures, formulas,
methodologies, or  schedules to be applied in determining or calculating a
participant's or beneficiary's benefit entitlement under an employee benefit
plan [, which document or instrument therefore]  would      constitute      an
instrument under which the plan is established or operated, regardless of
whether such information is contained in a document designated as the "plan
document."   Accordingly, studies, schedules or similar documents that
contain information and data, such as information and data relating to
standard charges for specific medical or surgical procedures, that, in turn,
serve as the basis for determining or calculating a participant's or
beneficiary's benefit entitlements under an employee benefit plan would
constitute "instruments under which the plan is…operated."

DOL Adv. Op. 96-14A; see also DOL Adv. Op. 97-11A.

We are specifically asking that documents provided include, but not be limited to, the following:

- Equations/formulas/methodologies that Plan Administrator/Claims Administrator used to make its benefit determinations
- Processes and protocols used for the benefit determinations
- Correspondence (written and oral (if oral—logs)) between plan administrator and Corvel/Ceris
- Correspondence (written and oral (if oral—logs)) between plan administrator and SEIU
- Correspondence (written and oral (if oral—logs)) between SEIU and Corvel/Ceris
- Correspondence (written and oral (if oral—logs)) between plan administrator, SEIU, or Corvel/Ceris and plan participant/member
- Intercompany correspondence….and any other correspondence relating in any way to the benefit determination
- Telephone call tracking notes
- Names and credentials/qualifications of all experts or individuals processing, handling or reviewing the accounts
- All reports generated for the accounts
- Explanation of Benefits provided to Hospital and Patient
- Itemized Statements
- All documents, information, data etc. used or relied upon in making the benefit determination

If there is no note, electronic entry, document or record on any one of these items, we ask that you indicate that a thorough search has been conducted and no such document or record exists.

*See Group Exhibit F.*

60.    That thirty (30) days from August 12, 2015, the date of Plaintiff's initial request

for a copy of the plan and documentation related to the processing of the claim and benefit

determination, is September 11, 2015. That Plaintiff may recover statutory damages up to $110 a

day from September 11, 2015 pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1

for Defendants' failure as plan administrator to provide a copy of the plan and documentation

related to the processing of the claim and benefit determination as requested in Plaintiff's appeal letters.

WHEREFORE, Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER prays for judgment against Defendants, in which Defendants must provide to Plaintiff a copy of all plan documents and all documentation related to the processing of the claim and benefit determination, statutory damages as assessed by the Court pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, plus court costs and attorney fees, and such other relief as this Honorable Court deems proper.

## COUNT IV

### Account for R.O.

1-50.  Plaintiff re-alleges Paragraphs 1 through 50 of the General Allegations as Paragraphs 1 through 50 of Count IV as though fully set forth herein.

51.    That on or around July xx, 20xx through August xx, 20xx (Account Number xxxxxxxx), Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a Saint James-John W. Albrecht Medical Center, provided medical services and materials to R.O.

52.    That the sum of the medical services provided by the Plaintiff to R.O. on the dates listed in paragraph 51 totaled $51,707.05. *Please see the Affidavit of Damages attached hereto as Exhibit O*.

53.    That payments, credits, and/or adjustments have been applied to this account in the amount of $25,879.50. *See Exhibit O*.

54.    That the outstanding balance totals $25,827.55. *See Exhibit O*.

55.    That Plaintiff appealed the purported denials and/or refusals to pay the balance or full plan benefits by Defendants on May 13, 2015, June 18, 2015, July 30, 2015, May 19, 2016, and June 23, 2016. *See Appeal Letters attached hereto as Group Exhibit F*.

56.    That Plaintiff's first written request for a copy of the governing plan documents and all documentation related to the processing of this claim and benefit determination was on July 30, 2015 (*See Group Exhibit F),* specifically requesting:

(1) the Summary Plan Description and all Plan Documents in regards to the above referenced account, (2) all correspondence--written and oral (if oral, all notes, logs, & data entry) in regards to the above referenced account, (3) all data reflecting oral communication between the patient, participant, beneficiary, hospital or other interested party with the plan administrator, third-party claims administrator, or agent for the plan administrator and/or third-party claims administrator in regards to the above referenced account, (4) all reports used to support the purported adverse benefit determination of the above referenced account, (5) all documents/data/evidence used to support the purported adverse benefit determination, (6) all equation(s)/formula(s)/methodologies used to support the purported adverse benefit determination, (7) the names and credentials/qualifications of all experts or individuals processing, handling or reviewing this account and/or implementing the equation(s)/formula(s)/methodologies to the above referenced account, (8) the name(s), title(s), and contact information of the person(s) who made this purported benefit determination and the basis for the purported benefit determination, and (9) the name(s), title(s), and contact information of the person(s) in charge of this account.  This request is made within the umbrellas of 29 USC § 1132(c) and/or the appropriate statute governing this plan.  That pursuant to 29 U.S.C. § 1132(c)(1)(B), any administrator "who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

57.    That counsel for Plaintiff contacted Defendants via telephone on September 15, 2015 and spoke to Howard K., and during that conversation counsel for Plaintiff orally requested a copy of the governing plan documents, but that request was denied. Counsel for Plaintiff contacted Defendants via telephone again on September 18, 2015 and spoke to Gloria A., and

during that conversation counsel for Plaintiff orally requested a copy of the governing plan documents, but that request was denied.

58.     That Plaintiff's appeal letter dated May 19, 2016 requested a copy of the following:

(1) Summary Plan Description and all Plan Documents, all information/documentation requested in previous appeals, as well as each of the following, which are deemed to be a part of the administrative record:

See ERISA, 29 CFR 2560.503-1.  Pursuant to 29 CFR 2560.503-1(m)(8):
"A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information

- **(i)** Was relied upon in making the benefit determination;
- **(ii)** Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
- **(iii)** Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
- **(iv)** In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination."

ERISA Sections 104(b)(2) and 104(b)(4) require the disclosure of:

Any document or instrument that specifies procedures, formulas, methodologies, or  schedules to be applied in determining or calculating a participant's or beneficiary's benefit entitlement under an employee benefit plan [, which document or instrument therefore] would     constitute     an instrument under which the plan is established or operated, regardless of whether such information is contained in a document designated as the "plan document."   Accordingly, studies, schedules or similar documents that contain information and data, such as information and data relating to standard charges for specific medical or surgical procedures, that, in turn, serve as the basis for determining or calculating a participant's or beneficiary's benefit entitlements under an employee benefit plan would constitute "instruments under which the plan is…operated."

DOL Adv. Op. 96-14A; see also DOL Adv. Op. 97-11A.

We are specifically asking that documents provided include, but not be limited to, the following:

- Equations/formulas/methodologies that Plan Administrator/Claims Administrator used to make its benefit determinations
- Processes and protocols used for the benefit determinations
- Correspondence (written and oral (if oral—logs)) between plan administrator and Corvel/Ceris
- Correspondence (written and oral (if oral—logs)) between plan administrator and SEIU
- Correspondence (written and oral (if oral—logs)) between SEIU and Corvel/Ceris
- Correspondence (written and oral (if oral—logs)) between plan administrator, SEIU, or Corvel/Ceris and plan participant/member
- Intercompany correspondence….and any other correspondence relating in any way to the benefit determination
- Telephone call tracking notes
- Names and credentials/qualifications of all experts or individuals processing, handling or reviewing the accounts
- All reports generated for the accounts
- Explanation of Benefits provided to Hospital and Patient
- Itemized Statements
- All documents, information, data etc. used or relied upon in making the benefit determination

If there is no note, electronic entry, document or record on any one of these items, we ask that you indicate that a thorough search has been conducted and no such document or record exists.

*See Group Exhibit F.*

59.    That thirty (30) days from July 30, 2015, the date of Plaintiff's initial request for a copy of the plan and documentation related to the processing of the claim and benefit determination, is August 29, 2015. That Plaintiff may recover statutory damages up to $110 a day from August 29, 2015 pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1 for Defendants' failure as plan administrator to provide a copy of the plan and documentation related to the processing of the claim and benefit determination as requested in Plaintiff's appeal letters.

WHEREFORE, Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a SAINT JAMES-JOHN W. ALBRECHT MEDICAL CENTER prays for

judgment against Defendants, in which Defendants must provide to Plaintiff a copy of all plan documents and all documentation related to the processing of the claim and benefit determination, statutory damages as assessed by the Court pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, plus court costs and attorney fees, and such other relief as this Honorable Court deems proper.

## COUNT V

### Accounts for S.S.

1-50.  Plaintiff re-alleges Paragraphs 1 through 50 of the General Allegations as Paragraphs 1 through 50 of Count V as though fully set forth herein.

51.    That on or around December xx, 20xx, January xx, 20xx, and January xx, 20xx through January xx, 20xx (Account Numbers xxxxxxxx, xxxxxxxx, and xxxxxxxx respectively), Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a St. Joseph Medical Center, provided medical services and materials to S.S.

52.    That the sum of the medical services provided by the Plaintiff to S.S. on the dates listed in paragraph 51 totaled $70,295.10. *Please see the Affidavit of Damages attached hereto as Exhibit P.*

53.    That payments, credits, and/or adjustments have been applied to these accounts in the amount of $10,444.79. *See Exhibit P.*

54.    That the outstanding balance totals $59,850.31. *See Exhibit P.*

55.    That Plaintiff appealed the purported denials and/or refusals to pay the balance or full plan benefits by Defendants on April 13, 2016 and June 29, 2016. *See Appeal Letters attached hereto as Group Exhibit F.*

56.     That Plaintiff's first written request for a copy of the governing plan documents and all documentation related to the processing of the claims and benefit determinations was on June 29, 2016 (*See Group Exhibit F),* specifically requesting:

(1) Summary Plan Description/Insurance Policy and all Plan/Policy Documents, (2) the name(s) and contact information of the person(s) with authority to resolve this matter, (3) all correspondence written and oral (if oral, all notes, logs, & data entry) in regards to this claim, (4) all data reflecting oral communication between the patient, participant, beneficiary, hospital or other interested party with the plan administrator, third-party claims administrator, or agent for the plan administrator and/or third-party claims administrator in regards to this claim, (5) all reports/documents/data/evidence used to support the purported adverse benefit determination of this claim, (6) all equation(s)/formula(s)/ methodologies used to support the purported adverse benefit determination, (7) the names and credentials/qualifications of all experts or individuals processing, handling or reviewing this claim and/or implementing the equation(s)/formula(s)/methodologies to the above referenced account, (8) the authority allowing such a methodology, formula, or calculation to be used in making a benefit determination, and (9) any and all other documents/information that is a part of the administrative record. This request is made within the umbrellas of 29 USC § 1132(c) and/or the appropriate statute governing this plan.  That pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

57.     That thirty (30) days from June 29, 2016, the date of Plaintiff's initial request for a copy of the plan and documentation related to the processing of the claims and benefit determinations, is July 29, 2016. That Plaintiff may recover statutory damages up to $110 a day from July 29, 2016 pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1 for Defendants' failure as plan administrator to provide a copy of the plan and documentation related to the processing of the claims and benefit determinations as requested in Plaintiff's appeal letters.

WHEREFORE, Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a ST. JOSEPH MEDICAL CENTER prays for judgment against Defendants, in which Defendants must provide to Plaintiff a copy of all plan documents and all documentation related to the processing of the claims and benefit determinations, statutory damages as assessed by the Court pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, plus court costs and attorney fees, and such other relief as this Honorable Court deems proper.

## COUNT VI

### Account for C.H.

1-50.  Plaintiff re-alleges Paragraphs 1 through 50 of the General Allegations as Paragraphs 1 through 50 of Count VI as though fully set forth herein.

51.     That on or around February xx, 20xx (Account Number xxxxxxxx), Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a St. Mary Medical Center, provided medical services and materials to C.H.

52.     That the sum of the medical services provided by the Plaintiff to C.H. on the date listed in paragraph 51 totaled $49,466.15. *Please see the Affidavit of Damages attached hereto as Exhibit Q.*

53.     That payments, credits, and/or adjustments have been applied to this account in the amount of $20,273.10. *See Exhibit Q.*

54.     That the outstanding balance totals $29,193.05. *See Exhibit Q.*

55.     That Plaintiff appealed the purported denials and/or refusals to pay the balance or full plan benefits by Defendants on November 5, 2014, November 12, 2014, June 3, 2015, August

12, 2015, October 6, 2015, May 19, 2016, and June 23, 2016. *See Appeal Letters attached hereto as Group Exhibit F*.

56.     That Plaintiff's first written request for a copy of the governing plan documents and all documentation related to the processing of this claim and benefit determination was on August 12, 2015 (*See Group Exhibit F),* specifically requesting:

> (1) Summary Plan Description and all Plan Documents, (2) the name(s) and contact information of the person(s) with authority to resolve this matter, (3) all correspondence written and oral (if oral, all notes, logs, & data entry) in regards to this claim, (4) all data reflecting oral communication between the patient, participant, beneficiary, hospital or other interested party with the plan administrator, third-party claims administrator, or agent for the plan administrator and/or third-party claims administrator in regards to this claim, (5) all reports/documents/data/evidence used to support the purported adverse benefit determination of this claim, (6) all equation(s)/formula(s)/methodologies used to support the purported adverse benefit determination, (7) the names and credentials/qualifications of all experts or individuals processing, handling or reviewing this claim and/or implementing the equation(s)/formula(s)/methodologies to the above referenced account as well as confirmation that Ceris has authority to act on behalf of SEIU with respect to the benefit determination for this account, and (8) the authority allowing such a methodology, formula, or calculation to be used in making a benefit determination. This request is made within the umbrellas of 29 USC § 1132(c) and/or the appropriate statute governing this plan.  That pursuant to 29 U.S.C. § 1132(c)(1)(B), any administrator "who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

57.     That counsel for Plaintiff contacted Defendants via telephone on September 15, 2015 and spoke to Howard K., and during that conversation counsel for Plaintiff orally requested a copy of the governing plan documents, but that request was denied. Counsel for Plaintiff contacted Defendants via telephone again on September 18, 2015 and spoke to Gloria A., and during that conversation counsel for Plaintiff orally requested a copy of the governing plan documents, but that request was denied.

58.    That Plaintiff's appeal letter dated October 6, 2015 contained the same/similar

request for documents as its August 12, 2015 appeal. *See Group Exhibit F.*

59.    That Plaintiff's appeal letter dated May 19, 2016 requested a copy of the

following:

(1) Summary Plan Description and all Plan Documents, all information/documentation
requested in previous appeals, as well as each of the following, which are deemed to be a
part of the administrative record:

See ERISA, 29 CFR 2560.503-1.  Pursuant to 29 CFR 2560.503-1(m)(8):
   "A document, record, or other information shall be considered "relevant" to
   a claimant's claim if such document, record, or other information
   - **(i)** Was relied upon in making the benefit determination;
   - **(ii)** Was submitted, considered, or generated in the course of making
     the benefit determination, without regard to whether such document,
     record, or other information was relied upon in making the benefit
     determination;
   - **(iii)** Demonstrates compliance with the administrative processes and
     safeguards required pursuant to paragraph (b)(5) of this section in
     making the benefit determination; or
   - **(iv)** In the case of a group health plan or a plan providing disability
     benefits, constitutes a statement of policy or guidance with respect to
     the plan concerning the denied treatment option or benefit for the
     claimant's diagnosis, without regard to whether such advice or
     statement was relied upon in making the benefit determination."

ERISA Sections 104(b)(2) and 104(b)(4) require the disclosure of:

Any document or instrument that specifies procedures, formulas,
methodologies, or schedules to be applied in determining or calculating a
participant's or beneficiary's benefit entitlement under an employee benefit
plan [, which document or instrument therefore] would      constitute      an
instrument under which the plan is established or operated, regardless of
whether such information is contained in a document designated as the "plan
document."   Accordingly, studies, schedules or similar documents that
contain information and data, such as information and data relating to
standard charges for specific medical or surgical procedures, that, in turn,
serve as the basis for determining or calculating a participant's or
beneficiary's benefit entitlements under an employee benefit plan would
constitute "instruments under which the plan is…operated."

DOL Adv. Op. 96-14A; see also DOL Adv. Op. 97-11A.

We are specifically asking that documents provided include, but not be limited to, the following:

- Equations/formulas/methodologies that Plan Administrator/Claims Administrator used to make its benefit determinations
- Processes and protocols used for the benefit determinations
- Correspondence (written and oral (if oral—logs)) between plan administrator and Corvel/Ceris
- Correspondence (written and oral (if oral—logs)) between plan administrator and SEIU
- Correspondence (written and oral (if oral—logs)) between SEIU and Corvel/Ceris
- Correspondence (written and oral (if oral—logs)) between plan administrator, SEIU, or Corvel/Ceris and plan participant/member
- Intercompany correspondence….and any other correspondence relating in any way to the benefit determination
- Telephone call tracking notes
- Names and credentials/qualifications of all experts or individuals processing, handling or reviewing the accounts
- All reports generated for the accounts
- Explanation of Benefits provided to Hospital and Patient
- Itemized Statements
- All documents, information, data etc. used or relied upon in making the benefit determination

If there is no note, electronic entry, document or record on any one of these items, we ask that you indicate that a thorough search has been conducted and no such document or record exists.

*See Group Exhibit F.*

60.    That thirty (30) days from August 12, 2015, the date of Plaintiff's initial request for a copy of the plan and documentation related to the processing of the claim and benefit determination, is September 11, 2015. That Plaintiff may recover statutory damages up to $110 a day from September 11, 2015 pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1 for Defendants' failure as plan administrator to provide a copy of the plan and documentation related to the processing of the claim and benefit determination as requested in Plaintiff's appeal letters.

WHEREFORE, Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a ST. MARY MEDICAL CENTER prays for judgment against Defendants, in which Defendants must provide to Plaintiff a copy of all plan documents and all documentation related to the processing of the claim and benefit determination, statutory damages as assessed by the Court pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, plus court costs and attorney fees, and such other relief as this Honorable Court deems proper.

## COUNT VII

### Account for G.R.

1-50.  Plaintiff re-alleges Paragraphs 1 through 50 of the General Allegations as Paragraphs 1 through 50 of Count VII as though fully set forth herein.

51.    That on or around May xx, 20xx (Account Number xxxxxxxx), Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a Saint Francis Medical Center, provided medical services and materials to G.R.

52.    That the sum of the medical services provided by the Plaintiff to G.R. on the date listed in paragraph 51 totaled $18,813.80. *Please see the Affidavit of Damages attached hereto as Exhibit R.*

53.    That payments, credits, and/or adjustments have been applied to this account in the amount of $1,820.69. *See Exhibit R.*

54.    That the outstanding balance totals $16,993.11. *See Exhibit R.*

55.    That Plaintiff appealed the purported denials and/or refusals to pay the balance or full plan benefits by Defendants on August 1, 2016 and November 3, 2016. *See Appeal Letters attached hereto as Group Exhibit F.*

56.     That Plaintiff's first written request for a copy of the governing plan documents

and all documentation related to the processing of this claim and benefit determination was on

August 1, 2016 (*See Group Exhibit F),* specifically requesting:

> (1) Summary Plan Description and all Plan Documents, (2) the name(s) and contact
> information (phone/fax number, email, and mailing address) of the person(s) with
> authority to resolve this matter, (3) all correspondence--written and oral (if oral, all notes,
> logs, & data entries) in regards to the above referenced account(s) as well as all data
> reflecting oral communications between the patient, participant, beneficiary, hospital or
> other interested party with the plan administrator, third-party claims administrator, or
> agent for the plan administrator and/or third-party claims administrator in regards to the
> above referenced account(s), (4) all reports/documents/data/evidence used to support the
> purported adverse benefit determination of this claim, (5) all equation(s)/formula(s)/
> methodologies used to support the purported adverse benefit determination, (6) the names
> and credentials/qualifications, and contact information (phone/fax number, email, and
> mailing address) of all experts or individuals processing, handling or reviewing this claim
> and/or implementing the equation(s)/formula(s)/methodologies to the above referenced
> account, and (7) the authority allowing such a methodology, formula, or calculation to be
> used in making a benefit determination. This request is made within the umbrellas of 29
> USC § 1132(c) and/or the appropriate statute governing this plan.  That pursuant to 29
> U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, any administrator who fails or
> refuses to comply with a request for any information which such administrator is required
> by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal
> results from matters reasonably beyond the control of the administrator) by mailing the
> material requested to the last known address of the requesting participant or beneficiary
> within 30 days after such request may in the court's discretion be personally liable to such
> participant or beneficiary in the amount of up to $110 a day from the date of such failure
> or refusal, and the court may in its discretion order such other relief as it deems proper.

57.     That Plaintiff's appeal letter dated November 3, 2016 requested a copy of the

following:

> (1) SEIU Healthcare IL Home Health Plan Summary Plan Description and all Plan
> Documents which govern the date of service for this claim, as well as all documents
> related to benefit determination, (2) the name(s) and contact information of the person(s)
> with authority to resolve this matter, (3) all correspondence written and oral (if oral, all
> notes, logs, & data entry) in regards to this claim, (4) all data reflecting oral
> communication between the patient, participant, beneficiary, hospital or other interested
> party with the plan administrator, third-party claims administrator, or agent for the plan
> administrator and/or third-party claims administrator in regards to this claim, (5) all
> reports/documents/data/evidence used to support the purported adverse benefit
> determination of this claim, (6) all equation(s)/formula(s)/ methodologies used to support
> the purported adverse benefit determination, (7) the names and credentials/qualifications

of all experts or individuals processing, handling or reviewing this claim and/or implementing the equation(s)/formula(s)/methodologies to the above referenced account, and (8) the authority allowing such a methodology, formula, or calculation to be used in making a benefit determination. This request is made within the umbrellas of 29 USC § 1132(c) and/or the appropriate statute governing this plan.  That pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

*See Group Exhibit F.*

58.    That thirty (30) days from August 1, 2016, the date of Plaintiff's initial request for a copy of the plan and documentation related to the processing of the claim and benefit determination, is August 31, 2016. That Plaintiff may recover statutory damages up to $110 a day from August 31, 2016 pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1 for Defendants' failure as plan administrator to provide a copy of the plan and documentation related to the processing of the claim and benefit determination as requested in Plaintiff's appeal letters.

WHEREFORE, Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a SAINT FRANCIS MEDICAL CENTER prays for judgment against Defendants, in which Defendants must provide to Plaintiff a copy of all plan documents and all documentation related to the processing of the claim and benefit determination, statutory damages as assessed by the Court pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, plus court costs and attorney fees, and such other relief as this Honorable Court deems proper.

OSF HEALTHCARE SYSTEM, an Illinois not for profit corporation d/b/a
SAINT FRANCIS MEDICAL CENTER,
ST. JOSEPH MEDICAL CENTER,
ST. MARY MEDICAL CENTER, and
SAINT JAMES-JOHN W. ALBRECHT MEDICAL CENTER,
Plaintiff,

By: s/ Douglas N. Koth_____
Douglas N. Koth
William L. Gregory
Kristin L. Nieminski
Dustin N. Koth
Attorneys for Plaintiff
Koth, Gregory & Nieminski, P.C.
420 N. Main Street
Bloomington, IL  61701
(309) 828-5090
(309) 828-3806 *fax*
legal@kothandgregory.com